IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

|                                 |   |                                      |
|---------------------------------|---|--------------------------------------|
| OMAR S. FOLK,                   | ) | 1:24-CV-213-RAL                      |
|                                 | ) |                                      |
| Petitioner                      | ) | RICHARD A. LANZILLO                  |
|                                 | ) | Chief United States Magistrate Judge |
| v.                              | ) |                                      |
|                                 | ) | MEMORANDUM OPINION ON                |
| WARDEN MCKEAN A. NEWMAN,        | ) | PETITION FOR WRIT OF HABEAS          |
|                                 | ) | CORPUS                               |
| Respondent                      | ) |                                      |
|                                 | ) | ECF No. 9                            |
|                                 | ) |                                      |

I.    Introduction

Pending before the Court is Petitioner Omar S. Folk's the petition for a writ of habeas

corpus filed pursuant to 28 U.S.C. § 2241.  ECF No. 9.  For the reasons set forth below, Folk's

petition will be denied.

II.    Background

Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) and currently

incarcerated at FCI Hazelton.  Assuming he receives all Good Conduct Time (GCT) available to

him under 18 U.S. C. § 3624(b), his projected release date is May 11, 2031.  ECF No. 18-1 ¶ 1.

In his § 2241 petition,[1] Petitioner complains that "[he] and others are being denied FSA

and Ace Courses in FCI McKean Medium due to early lockdowns at 5:45 pm."  ECF No. 9 at p.

2. Petitioner avers that his inability to participate in prison educational courses prevents him from

---

[1] Under 28 U.S.C. § 2241, district courts have authority to grant habeas corpus "within their respective jurisdictions."
At the time that he filed his Petition, Petitioner was confined at FCI McKean, which is located within the Western
District of Pennsylvania.

obtaining a lower security classification. *Id.* at pp. 6-7. He maintains that this violates the recent

United States Supreme Court decision in *Loper Bright Enterprises v. Raimando*, 603 U.S. 369

(2024). This matter is fully briefed and ripe for disposition.

III.    Analysis

For federal prisoners, "[t]he 'core' habeas corpus action is a prisoner challenging the

authority of the entity detaining him to do so, usually on the ground that his predicate sentence or

conviction is improper or invalid." *McGee v. Martinez*, 627 F.3d 933, 935 (3d Cir. 2010). *See*

*also Alward v. Warden, LSCI-Allenwood*, 2024 WL 4112662, at *2 (M.D. Pa. Sept. 6, 2024) ("A

habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of

his confinement.") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973)). While motions

pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners may challenge

the validity of their conviction or sentence on collateral review, *see Okereke v. United States*, 307

F.3d 117, 120 (3d Cir. 2002), § 2241 confers habeas jurisdiction "to hear the petition of a federal

prisoner who is challenging not the validity but the execution of his sentence." *Cardona*, 681 F.3d

at 535 (internal quotations and citations omitted) (emphasis added).

Although "the precise meaning of 'execution of the sentence' is hazy," *Cardona v. Bledsoe*,

681 F.3d 533, 536 (3d Cir. 2012) (citing source omitted), courts have widely held that challenges

to prison security classifications "are not cognizable under § 2241 because such challenges do not

implicate the fact or duration of imprisonment." *Alward*, 2024 WL 4112662, at *2 (citing *Briley*

*v. Warden Fort Dix FCI*, 703 Fed. Appx. 69, 71 (3d Cir. 2017) (claims asserting improper security

factors and resulting higher security classification levels "are not cognizable in a § 2241

petition")). *See also Cohen v. Lappin*, 402 Fed. Appx. 674, 676 (3d Cir. 2010 (holding that

challenges to security designation or custody classification do not challenge the fact or duration of

confinement as required for § 2241 jurisdiction). The same is true of allegations concerning the denial of prison programming that does not affect the duration of a prisoner's incarceration. *Lee v. Williamson*, 297 Fed. Appx. 147, 148 (3d Cir. 2008) (claims concerning "denial of placement in the drug treatment program" are not cognizable in a § 2241 petition). *See also Podhorn v. Grondowlsky*, 350 Fed. Appx. 618, 620 (3d Cir. 2009) (noting that prisoners do not have a constitutional right to be assigned to a particular rehabilitative program).

In the instant habeas petition, Petitioner requests an order directing the Warden of FCI McKean to reopen access to educational programming so he can be transferred to a lower security institution.[2] As outlined above, these claims do not impact the fact or duration of his confinement and do not lie at the core of habeas. *See Briley*, 703 Fed. Appx. at 71; *Cohen*, 402 Fed. Appx. at 676. Consequently, this Court lacks jurisdiction over Petitioner's claims.

In an attempt to salvage his petition, Petitioner argues that the United States Supreme Court's recent decision in *Loper Bright Enterprises v. Raimando*, 603 U.S. 369 (2024), somehow compels a different result. In *Loper Bright*, the Supreme Court overruled the deference principles established in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), and held that "[c]ourts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority." *Loper Bright*, 603 U.S. at 412. As several courts have previously informed Petitioner, however, "[t]he Supreme Court's decision in *Loper Bright* concerns court deference to agency interpretations of statutes when those interpretations are challenged under the APA" – a circumstance not presented in a § 2241 action. *See Folk v. Sage*, 2024 WL 5379816, at *1 n. 1 (M.D. Pa. Aug. 7, 2024), *aff'd sub nom. Folk v. Warden McKean*

---

[2] Petitioner also appears to generally allege that FCI McKean is overcrowded and unsanitary. *See* ECF No. 9 at p. 9. Claims concerning prison living conditions are not cognizable in a § 2241 petition. *See, e.g., Eiland v. Warden, Fort Dix FCI*, 634 Fed. Appx. 87, 89 (3d Cir. 2015) (allegations that prison was unclean and overcrowded "do not sound in habeas corpus").

*FCI*, 2025 WL 384108 (3d Cir. Feb. 4, 2025). And, in any event, the statute granting the BOP the authority to put into effect and carry out Petitioner's sentence is not ambiguous. *Folk v. Park*, 2025 WL 3764053, at \*2 (3d Cir. Dec. 30, 2025) ("[T]he BOP did not rely on an ambiguous statute in 'putting into effect' and 'carrying out' the fine portion of [Folk's] sentence."). Therefore, "the change in law described in *Loper Bright* is inapplicable." *Id.*[3]

IV.    Conclusion

For each of the foregoing reasons, Petitioner's petition for a writ of habeas corpus is denied.[4] An appropriate order follows.

DATED this 13th day of January, 2026.

BY THE COURT:

RICHARD A. LANZILLO
Chief United States Magistrate Judge

---

[3] As yet another ground for dismissal, the Court notes that Petitioner was transferred to FCI Hazelton several months after filing this action. Because he is no longer at FCI McKean, his allegations concerning the lockdown at that institution have been rendered moot. *See, e.g., Griffin v. Beard*, 401 Fed. Appx. 715, 716 (3d Cir. 2010) (noting that an inmate's transfer to another prison generally moots complaints about conditions at the prior institution).

[4] Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement," the Court need not make a certificate of appealability determination in this matter. *Williams v. McKean*, 2019 WL 1118057, at \*5 n. 6 (W.D. Pa. Mar. 11, 2019) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012)); 28 U.S.C. § 2253(c)(1)(B).